**In the Matter of ADOPTION OF J.M.F.**

**J.F. and R.F., Appellants,**

v.

**C.M.H., Appellee.**

**No. S–6043.**

Supreme Court of Alaska.

Sept. 30, 1994.

Allison E. Mendel, Mendel & Huntington, Anchorage, for appellants.

James F. Vollintine, Anchorage, for appellee.

Before MOORE, C.J., and RABINOWITZ, MATTHEWS, COMPTON and EASTAUGH, JJ.

---

## OPINION

RABINOWITZ, Justice.

J.F. and R.F. (the F.s) appeal the superior court's determination that C.H.'s failure to support her child, J.M.F., was with justifiable cause, and that C.H.'s right to consent to the adoption had therefore not been terminated.

### I. FACTS AND PROCEEDINGS

C.H. placed her child, J.M.F., with her brother J.F. and sister-in-law R.F. two days after J.M.F.'s birth on June 1, 1988. At the time of placement both C.H. and the F.s contemplated that the F.s would adopt the child.

In November 1991, when J.M.F. was 3½ years old, C.H. demanded that the child be returned to her. During the time between J.M.F.'s placement with the F.s and C.H.'s demand for return of the child, the F.s had not instituted a formal adoption. In January 1992, after the F.s refused to return J.M.F., C.H. filed a suit seeking custody of J.M.F. At the conclusion of the custody action the superior court awarded C.H. and the F.s joint custody, with C.H. to receive sole custody of J.M.F. in the autumn of 1994. In regard to this custody judgment the F.s appealed only from the award of attorney's fees to C.H.[1]

While the parties were litigating C.H.'s custody action, the F.s, in a separate proceeding, filed a formal petition to adopt J.M.F. In their petition the F.s asserted that C.H.'s consent to their adoption of J.M.F. was not required, because she had failed, without justifiable cause, to support J.M.F. while the child was in the care of the F.s. See AS 25.23.050(a)(2)(B).[2]

At the adoption hearing the F.s argued that C.H. lacked justifiable cause for failing to support J.M.F. Although she had purchased food, clothing, and toys for J.M.F. while her child was with the F.s, C.H. did not provide regular financial support for the child, because the F.s did not ask for it, and because she assumed that the F.s would adopt the child and expect no support. The record establishes that the F.s never asked her for support on the same assumption. C.H. testified that she would have provided support had the F.s requested it.

The F.s also argued that C.H. had relied upon Yupik customs, under which parents may turn their children over to relatives for adoption with the understanding that the biological parents cannot later reclaim the children. The F.s contended that C.H. should not be able to use the law to force J.M.F.'s return while simultaneously relying on cultural practices to establish justifiable excuse for failure to support the child.[3] C.H. had knowledge of such "cultural adoptions," but the record does not indicate that she relied upon this custom. Instead, she testified that at all times that the F.s had J.M.F., she understood that they would "legally in court adopt" the child, and that "that was the . . . adoption term we were using." J.F. also testified that the F.s had intended to seek a decree of adoption from the Alaska courts, but had never followed through on this plan.

Applying the law for a formal statutory adoption, the superior court ruled that C.H. had justifiable cause for not providing support:

> [N]o one on the [F.] side asked for or expected support from [C.H.], nor did [C.H.] feel obligated to pay support. . . . The reason no support was paid was that everyone thought that [J.M.F.] was being adopted. That is the reason, and it is a justifiable reason.

---

1. This court recently upheld the fee award.

2. C.H. subsequently filed two motions to dismiss the F.'s adoption petitions, contending that the Indian Child Welfare Act (ICWA) preempted AS 25.23.050(a)(2)(B), and that because the F.s could have raised the adoption petition during the custody proceeding, the doctrines of res judicata and collateral estoppel barred the petition. The superior court denied both motions.

Because C.H. is Yupik, J.M.F. is an Indian child subject to ICWA. See 25 U.S.C. §§ 1901–1963.

3. The F.'s expressly declined to argue that any "cultural adoption" in accordance with Yupik custom had the effect of a formal adoption. The superior court admitted testimony on cultural adoption because it could have been relevant to a determination of the parties' intent and to the issue of consent.

Beyond being merely justifiable, it would have been unusual, unexpected and probably contrary to the anticipated adoption if she had paid support. [C.H.] said that she would have been more than willing to pay support if asked. [R.F.] said it never came up because they were adopting and never expected [C.H.] to pay support. This justifies the lack of support as contemplated by Alaska Statute 25.23.050(a)(2)(B).

Accordingly, the superior court dismissed the F.s' petition for adoption. The superior court expressly declined to reach the issue of whether ICWA preempted AS 25.23.-050(a)(2)(B). The F.s appeal from the superior court's dismissal of their petition for adoption of J.M.F.

## II. *THE EFFECT OF AS 25.23.-050(a)(2)(B)*

Consent to adoption is not required of "a parent of a child in the custody of another, if the parent for a period of at least one year has failed significantly without justifiable cause ... to provide for the care and support of the child as required by law or judicial decree." AS 25.23.050(a)(2)(B); *see also In re J.J.J.*, 718 P.2d 948, 953–54 (Alaska 1986).

■ The party seeking to terminate parental rights in connection with an adoption proceeding bears a high burden of proof. We have held that the petitioner for adoption must prove by clear and convincing evidence that the natural parent failed to support the child. *D.L.J. v. W.D.R.*, 635 P.2d 834, 838

(Alaska 1981). Once the petitioner has made this showing, the natural parent bears the burden of producing evidence of justifiable cause for his or her failure to support the child. Upon the natural parent's introduction of such evidence, the petitioner must show by clear and convincing evidence that the natural parent's failure to support was without justifiable cause. *Id.*

■ The long-established and continuing rule in Alaska is that absent the element of willfulness, a parent does not lose the right to consent under AS 25.23.050(a)(2). *See, e.g., In re K.L.J.*, 813 P.2d 276, 281 & n. 5 (Alaska 1991). Here, the superior court relied upon the testimony of both C.H. and the F.s that the F.s did not expect support because they anticipated that they would formally adopt the child. Additionally, the superior court relied upon C.H.'s uncontroverted testimony that she would have been more than willing to provide support had the F.s asked her to do so. This testimony is sufficient to establish that C.H.'s failure to support J.M.F. was not willful and thus that her failure to support J.M.F. was justifiable.[4] It is the underlying agreement between C.H. and the F.s, to the effect that it was not anticipated that C.H. would support J.M.F. given the contemplated adoption, which negates any element of willfulness on C.H.'s part and demonstrates that her failure to support the child was not without justifiable cause.[5] Thus we hold that none of the supe-

---

**4.** *In re Adoption of Female Child X*, 537 P.2d 719 (Wyo.1975), presents a factual situation similar to the one in the case at bar. The natural mother in *Child X* left her child with her parents. *Id.* at 721. The mother's parents neither requested nor expected support, and neither the mother nor her husband offered any. *Id.* The mother's parents petitioned to adopt the child, relying upon a Wyoming statute that made the natural parent's consent unnecessary in cases of abandonment or in cases where the parent willfully failed to support the child for one year or more. *Id.* at 720; *see also* Wyo.Stat. § 1–22–110 (formerly § 1–710.2). The Wyoming Supreme Court affirmed the lower court's dismissal of the petition, in part on the following grounds:

> The fact is that petitioners were clearly volunteers and that no request or suggestion was ever made that respondents contributed to the support of this child.... To now claim advantage for what was never intended would be unfair. It would appear obvious that such a

holding would be dangerous, and if we were to hold otherwise a natural parent might be lulled into security and lose the right to a child under such circumstances without warning of the intention of those with whom the child is left. *Id.* at 722.

**5.** For purposes of this appeal, we assume without deciding the question that despite the others' agreement that it was not anticipated that C.H. would support J.M.F., C.H. was required "by law," for purposes of AS 25.23.050(a)(2)(B), to provide for the care and support of J.M.F.

In *In re J.J.J.*, 718 P.2d 948, 955 (Alaska 1986), this court considered the natural father's argument that because he allegedly had an agreement with the mother not to provide support as long as she received public assistance for their son's care, his failure to support the child was excused. We upheld the superior court's determination that the claim was meritless.

rior court's controlling findings of fact are clearly erroneous and that the superior court did not err in its determination that absent C.H.'s consent to the petition for adoption, the petition should be dismissed.[6]

AFFIRMED.[7]

The case at bar presents a situation that is far different from *J.J.J.* In *J.J.J.*, a considerable amount of evidence indicated that the father willfully refused to provide support. His attempt to link the failure to support with his ex-wife's reluctance to allow visitation clearly indicated that the failure was the product of a conscious decision. *See id.* at 955. The Child Support Enforcement Agency had to garnish his wages in order to obtain support payments. *Id.* at 950. No such elements are present in C.H.'s case.

6. The F.s assert that injustice would result from C.H.'s alleged reliance on "cultural adoption" practices to establish justifiable cause. It is evi-

dent that all parties in this litigation contemplated that the F.s would obtain a formal decree of adoption. Therefore, the superior court's finding that J.M.F. was placed for adoption with C.H.'s brother and sister-in-law "for statutory formal adoption" is not clearly erroneous.

7. We deem it unnecessary to address any of the remaining contentions of the parties given our conclusion that the superior court's holding— that the F.s failed to show by clear and convincing evidence that C.H.'s failure to support J.M.F. was without justifiable cause—was not clearly erroneous.